IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-03086-CMA-BNB

GODWIN ABIAKAM,

Plaintiff,

v.

QWEST CORPORATION,

Defendant.
_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion to Compel** [Doc. # 25, filed 09/14/2011] (the "Motion"), which is DENIED.

The plaintiff filed his Second Amended Title VII Complaint on January 10, 2011 [Doc. #8] (the "Complaint").  The Complaint alleges that the defendant retaliated against the plaintiff and discharged him because of his race, color, and national origin.

The plaintiff states that on April 15, 2011, he served Interrogatories and Requests for Production of Documents on the defendant (the "First Discovery Request"), and  "on May 31, 2011 Defendant responded to only three out of eleven items requested that are necessary to prove Plaintiff's case including but not limited to The GPS record of all I&M technicians, their work load their home address in the year 2007, 2008 for Oswego, Emporia and Peoria garages." *Motion* p. 1, ¶¶ 1-2.  The defendant objected to the discovery requests as "vague and ambiguous, unduly burdensome and expensive, irrelevant and unlikely to lead to the discovery or admissible evidence."  Id. at ¶ 2.  The plaintiff states that on July 20, 2011, he "made a second discovery

request with reasonable specificity and again Defendant objected" (the "Second Discovery Request"). Id. at ¶ 3. The plaintiff "moves for an Order compelling the Defendant to produce complete and executed Answers to Interrogatories and the required documents . . . ." Id. at p. 2, ¶ 5.

The plaintiff does not specify which interrogatories and requests for production are at issue. The Motion should be denied for this reason alone. However, the defendants assert, and the plaintiff does not dispute, that "[b]ased on several discussions" with the plaintiff, the discovery requests at issue are Items 5, 6, and 11 of the First Discovery Request and Items 1 through 7 of the Second Discovery Request. *Qwest's Response to Plaintiff's Motion to Compel* [Doc. #29] (the "Response"). In an attempt to thoroughly address the plaintiff's Motion, I have reviewed those Items.

Item 5 of the First Discovery Request seeks production of "[t]he GPS record of all the I&M technicians, their work load[, and] their home address in the year 2007, 2008 for Oswego, Emporia and Peoria garages." *Motion*, Ex. A, p. 3. Item 6 of the First Discovery Request seeks production of the "technicians' annual evaluation performance report for all the I&M technicians in Peoria, Oswego and Emporia garages for the year 2004, 2005, 2006 and 2007." Id. Item 11 of the First Discovery Request seeks production of "[w]ork cell phone record of all I&M technicians in Emporia, Oswego and Peoria garages for the year 2006, 2007 to present." Id. at p. 4.

The plaintiff's Second Discovery Request consists of 7 Items which seek the same types of documents, but with respect to only 14 named technicians. *Motion*, Ex. B. Specifically, the plaintiff seeks (1) the "[l]og of calls and log book of tech assistance for techtad report for the

year 2007 and 2008"; (2) "GPS/Activity report and tracking records for the year 2007 and 2008"; (3) "[s]upervisor analysis/activity detail (SAT) for the year 2007 and 2008"; (4) "[h]ome addresses and the address of the next of kin" for 14 named I&M technicians; (5) "[w]orkload for the year 2007 and 2008 attached separately"; (6) "[e]valuation reports for the year 2004, 2005, 2006, 2007, 2008"; and (7) "[t]ime cards for year 2007 and 2008."

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Although the rules of discovery are broad, they are not unbounded.  A party's right to obtain discovery "may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colorado, 220 F.R.D. 354, 356 (D.Colo. 2004).

"When the discovery sought appears relevant, the party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656-57 (D.Kan. 1999) (internal quotations and citation omitted).  "Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking

the discovery has the burden to show the relevancy of the request." Owens v. Sprint/United Management Co., 221 F.R.D. 649, 652 (D.Kan. 2004).

Here, information pertaining to other technicians' whereabouts, workloads, addresses, performance evaluations, cell phone records, and time cards is overly broad and does not appear relevant to the issue of whether Mr. Bruce and/or Mr. Mitchell discriminated against the plaintiff based on the plaintiff's race, color, and national origin.  Nor is this information likely to lead to the discovery of admissible evidence. The plaintiff does not discuss the relevance of the requested information to his claim of discrimination.  Therefore, he has not met his burden.

Moreover, the defendant has provided evidence that the plaintiff admits he has no specific knowledge of any technician actually engaging in misconduct.[1] *Motion*, Attachment 1, pp. 291–294.  Thus, the defendant has established that the requested discovery is not relevant to the plaintiff's case.   Accordingly,

IT IS ORDERED that  the plaintiff's Motion to Compel [Doc. # 25] is DENIED.

Dated October 17, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[1] The defendant also argues that the requested discovery is burdensome and expensive, but it does not provide any evidence to support the argument.